UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOG WALKIN DIVAS LLC, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON FEDERAL, INC., d/b/a WASHINGTON FEDERAL BANK,<br><br>Defendant. | Case No. C20-1414-RSL-MLP<br><br>REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

This matter is before the Court on Defendant Washington Federal, Inc.'s motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. (Dkt. # 24).) Plaintiff Dog Walkin Divas, LLC opposes Defendant's motion (Resp. (dkt. # 30)) and Defendant submitted a reply (Reply (dkt. # 32)). Defendant also submitted requests for judicial notice in support of its motion[1] (dkt. ## 26, 33) and Plaintiff submitted a notice of supplemental authority

---

[1] Judicial notice of public records is permissible on a motion to dismiss. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The Court therefore takes judicial notice of the court records and docket printouts submitted by Defendant.

REPORT AND RECOMMENDATION - 1

(dkt. # 34). Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends Defendant's motion be granted.

## II. BACKGROUND

Plaintiff, who previously had a checking account with Defendant, a national bank, brings this action on behalf of itself and a class of checking accountholders for damages, restitution, and declaratory relief regarding Defendant's assessment of certain fees. (First Am. Compl. ("FAC") (Dkt. # 23) at ¶¶ 1.1-1.2, 2.1, 2.2.) Plaintiff alleges that pursuant to the parties' Deposit Account Agreement and Disclosures ("Disclosures") and Schedule of Business Fees & Service Charges, Defendant is permitted to charge only a single $25 non-sufficient fund ("NSF") fee when it processes and returns an item due to insufficient funds, or a single overdraft ("OD") fee when it pays for an item despite insufficient funds. (*Id.* at ¶ 4.1.) Plaintiff alleges Defendant has a practice of charging additional fees for an item when it is re-presented to Defendant for payment and Defendant reprocesses and returns the item again due to insufficient funds. (*Id.* at ¶ 4.2.)

Specifically, Plaintiff alleges that on April 3, 2018, it attempted to make a $36.32 payment to PayPal via an Automated Clearing House ("ACH") transaction. (*Id.* at ¶ 4.6.) ACH transactions involve accountholder authorized payment requests from originators, such as merchants, to Defendant for a debit. (FAC, Ex. B at 14.) Pursuant to the Disclosures, these transactions are subject to the National Automated Clearing House Association's ("NACHA") Rules. (*Id.*) Plaintiff asserts that Defendant processed and returned PayPal's first payment request for that item because Plaintiff's account had insufficient funds, and charged Plaintiff a $25 NSF fee. (*Id.* at ¶ 4.7.) Plaintiff does not dispute this fee. (*Id.* at ¶ 4.7.) Plaintiff asserts that six days later, and without its knowledge or request, Defendant processed a second payment request for the same item. (*Id.* at ¶ 4.8.) Defendant returned the item for lack of sufficient funds

and charged Plaintiff an additional $25 NSF fee. (*Id.*) Plaintiff asserts the additional fee was improper because Plaintiff understood its attempted payment to PayPal was for a single item that was subject to only one NSF fee. (*Id.* at ¶¶ 4.10, 4.15.) Plaintiff asserts that a reasonable accountholder would have the same understanding. (*Id.* at ¶ 4.19.)

Plaintiff initiated this action in September 2020, asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. (*Id.* at ¶¶ 5.1-5.8.) Defendant disputes Plaintiff's claims and asserts the parties' agreements allow it to impose fees each time it processes and returns a payment request for insufficient funds. (Mot. at 12-16.)

### III.   DISCUSSION

#### A.   Rule 12(b)(1)

Defendant argues this action should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing. (Mot. at 9-10.) A Rule 12(b)(1) motion to dismiss raises the question of the federal court's subject matter jurisdiction over the action. When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court may look beyond the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (district court may consider extrinsic evidence when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The standing doctrine serves to ensure that the authority of the federal courts extends only to "cases" and "controversies" as mandated by Article III of the United States Constitution. U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). Article III standing has three elements: plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547

1  (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v.
2  Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

3  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a
4  legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not
5  conjectural or hypothetical.'" *Id.* at 1548(quoting *Lujan*, 504 U.S. at 560). The party invoking
6  federal jurisdiction bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561. The
7  standing inquiry is distinct from the merits of Plaintiff's claims. *See Whitmore v. Arkansas*, 495
8  U.S. 149, 155 (1990).

9  In the context of a class action, the class representatives must have standing. *See NEI
10 Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir.
11 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite
12 of a case or controversy with the defendants, none may seek relief on behalf of himself or any
13 other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)) (internal
14 quotation marks omitted).

15 Defendant argues Plaintiff lacks standing for two reasons. First, Defendant argues
16 Plaintiff fails to allege an injury in fact because Plaintiff never paid the April 9, 2018 NSF fee at
17 issue. (Mot. at 9-10.) In support of its argument, Defendant submitted a declaration with
18 supporting exhibits showing that on April 11, 2018, Defendant closed Plaintiff's account which
19 had a negative balance of $461.92, including the unpaid April 9, 2018 NSF fee. (Ahrens Decl.
20 (Dkt. # 25) at ¶ 5, Ex. C (4/12/2018 Account Abuse Report Form).) Defendant further argues that
21 because Plaintiff's account had a negative balance at the time it was closed, Plaintiff would need
22 to allege that it paid at least nineteen NSF fees to offset the balance and show an injury, which it
23

1  has not. (Reply at 3.) Defendant further asserts that it has never collected the April 9, 2018 NSF

2  fee and will not seek to collect it in the future. (Ahrens Decl. at ¶ 6.)

3       Second, Defendant argues Plaintiff fails to establish redressability because it cannot

4  obtain monetary damages given the negative account balance. (Mot. at 10.) Defendant also

5  asserts Plaintiff cannot obtain injunctive or declaratory relief because it is no longer a customer

6  and will not incur any future fees. (*Id.*)

7       Plaintiff argues the April 9, 2018 NSF fee identified in its first amended complaint is

8  merely an example of an NSF fee that it was charged, and that there are many instances where

9  Plaintiff paid multiple NSF fees for the same item. (Resp. at 4.) In its response, Plaintiff asserts it

10  paid similar fees on September 22 and 29, 2017 and in December of 2017.[2] (*Id.* at 4, Exs. 4, 5.)

11       Here, the Court finds Plaintiff lacks standing. Although Plaintiff asserts the April 9, 2018

12  NSF fee is just an example of an allegedly improper fee, its first amended complaint does not

13  contain allegations regarding any other specific fee that it paid. Outside of its claim for the April

14  2018 fee, it only generally asserts that Defendant has a practice of imposing such fees. Thus,

15  Plaintiff fails to sufficiently allege that it suffered any injury.

16       Plaintiff also fails to show redressability given the status of its account balance at the

17  time of its closure. Even considering the alleged 2017 NSF fees raised in Plaintiff's response, the

18  fees would not offset the negative balance. And, as noted by Defendant, Plaintiff no longer has

19  an account with Defendant and will therefore not be subject to future fees.

20       Plaintiff suggests this is at most a matter for discovery. (Resp. at 4.) However, based on

21  the allegations in the first amended complaint and the submissions before the Court, Plaintiff has

---

[2] Defendant argues the evidence Plaintiff attached as exhibits to its response regarding 2017 NSF fees is improper as the fees are not alleged in the first amended complaint. (Reply at 3.) For the reasons discussed herein, the Court finds Plaintiff lacks standing regardless of Plaintiff's submissions.

REPORT AND RECOMMENDATION - 5

1    not met its burden of establishing the necessary elements for standing. Accordingly, the Court

2    recommends this action be dismissed pursuant to Rule 12(b)(1).

3    Defendant also argues Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6)

4    because they are time-barred, Plaintiff failed to provide pre-litigation notice, the agreements

5    allow Defendant to impose multiple fees for the same item, the breach of implied covenant claim

6    is duplicative of the breach of contract claim, and federal law preempts the use of state law to

7    modify Defendant's disclosures. (*See generally* Mot.) Because the Court recommends

8    Defendant's motion be granted due to a lack of standing, the Court does not address Defendant's

9    other arguments.

10        **B.     Leave to Amend**

11   Plaintiff requests that to the extent the Court dismisses its claims, it be granted leave to

12   amend its complaint to pursue a CPA claim. (Resp. at 22.) Plaintiff directs the Court to *Marical*

13   *v. Boeing Employees' Credit Union*, No. 19-220417-6 KNT (Sup. Ct. Wash. King Cnty., Oct. 31,

14   2019) in which the court denied a motion to dismiss a consumer protection action regarding NSF

15   fees, and *Teel v. HAPO Community Credit Union*, No. 19-2-03193-03 (Wash. Super. Ct. Aug. 7,

16   2020), in which the Court denied a motion to dismiss for a breach of contract claim because

17   terms of the contract were ambiguous. (*Id.*) In a footnote, Defendant asserts amendment would

18   be futile because Plaintiff's theory is flawed, and it failed to provide pre-litigation notice of its

19   claims. (Reply at 12 n.9.) Defendant asserts it will respond should Plaintiff move to amend.

20   However, Plaintiff has already submitted a request for leave to amend in its response, and the

21   Court finds that based on the briefs before the Court, leave to amend is warranted.

22   A CPA claim for damages has a four-year statute of limitations. RCW 19.86.120. It

23   prohibits unfair competition. RCW 19.86.020. To prove a violation of the CPA, a claimant must

1  show: (1) an unfair or deceptive act; (2) the act occurred in the conduct of trade or commerce; (3)
2  the act has an impact on the public interest; (4) injury to the claimant; and (5) causation.
3  *Hangman Ridge Training Stables, Inc. v. Safeco Title Insurance Co.,* 105 Wash.2d 778, 780
4  (1986). A breach of a private contract affecting only the parties to the contract typically is not an
5  act or practice affecting the public interest. *Id.* at 790. However, a private dispute can affect the
6  public interest if it is likely that additional plaintiffs have been or will be injured in exactly the
7  same fashion. *Pacific Northwest Life. Ins. Co. v. Turnbull,* 51 Wash.App. 692, 702 (1988) (*citing*
8  *Hangman Ridge*, 105 Wash.2d at 790). Under the CPA, "injury is distinguished from damages."
9  *Sorrel v. Eagle Healthcare, Inc.*, 110 Wash.App. 290, 298 (2002). The plaintiff need not prove
10 monetary damages so long as there is "some injury to property or business." *Id.* A plaintiff
11 satisfies the fourth and fifth elements of a CPA claim when he or she proves that the defendant's
12 unfair or deceptive act or practice deprived them of the use of property. *Id.*

13      Pursuant to Rule 15(a)(2), the court should "freely give" leave to amend "when justice so
14 requires." Five factors are considered: (1) bad faith, (2) undue delay, (3) prejudice to the
15 opposing party, (4) futility of amendment, and (5) whether the party has previously amended its
16 pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props.,*
17 *Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). The third factor of prejudice is the
18 "touchstone of the inquiry." *Eminence Capital, LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1052 (9th
19 Cir. 2003). The burden is on the party opposing amendment to show that amendment is not
20 warranted. *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D.
21 Wash. 2015).

22      As discussed above, the Court finds Plaintiff lacks standing based on the April 2018 NSF
23 fee. However, it is possible that Plaintiff could allege new facts that would give it standing.

REPORT AND RECOMMENDATION - 7

Further, the statute of limitation period is four years for a CPA claim, and a CPA claim does not require monetary damages. Accordingly, it is possible Plaintiff could allege a plausible CPA claim. The Court therefore cannot say at this time that leave to amend would be futile. As Plaintiff has only amended its complaint once and there is no evidence of bad faith, undue delay, or prejudice, the Court recommends Plaintiff be granted leave to amend.

## IV.  CONCLUSION

For the foregoing reason, the Court recommends Defendant's motion (dkt. # 24) be granted and Plaintiff be granted leave to amend its claims and to pursue a CPA claim. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on June 18, 2021.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Robert S. Lasnik.

Dated this 28th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge